(717 P.2d 522)

No. 57,433

GARY LEE BRYANT, *Cross-Appellee*, v. MICHAEL BARBARA, *et al.*, *Cross-Appellants*.

Opinion filed April 17, 1986.

*Timothy G. Madden* and *Larry Cowger,* special assistant attorneys general, of Department of Corrections, and *Robert T. Stephan,* attorney general, for the appellants.

*David C. Van Parys*, of Murray & Tillotson, Chartered, of Leavenworth, for the appellee.

Before REES, P.J., PARKS and BRAZIL, JJ.

PARKS, J.: Petitioner Gary Lee Bryant is an inmate at the Kansas State Penitentiary. He brought this action against corrections officials protesting a number of conditions of his confinement but also claiming money damages for the taking of his property without due process. The trial court ruled in favor of the prison officials on all but the damages claim. Judgment was granted to the petitioner for $130. Originally, the petitioner appealed the

adverse rulings of the trial court and the respondent cross-appealed the money judgment. Petitioner voluntarily dismissed his appeal but the respondent maintained its cross-appeal. Thus, the sole issue before this court is the propriety of the trial court's judgment awarding money damages to the petitioner.

The conduct for which petitioner sought damages began in June 1983, when a prison guard found a portable stereo in petitioner's cell with the serial numbers destroyed. The guard called the central property room at the penitentiary, which maintains records on all property registered to inmates, and discovered that the stereo was not registered to petitioner. The guard then questioned another inmate, Swaggerty, who claimed that the stereo was his and had been stolen. The registration records of the central property room indicated that a stereo matching the description of the one found in petitioner's cell was registered to Swaggerty. The stereo was seized as evidence and disciplinary charges were filed against petitioner for violation of K.A.R. 44-12-201, registration of property; K.A.R. 44-12-203, theft; and K.A.R. 44-12-303, lying. A disciplinary hearing was held on the charges and petitioner was found guilty of the theft and lying charges. The alternative charge of violating the requirement that all property be registered was dismissed. As a result of the conviction, the disciplinary board ordered the stereo returned to inmate Swaggerty and that Swaggerty send it out of the prison.

Subsequently, petitioner filed a petition for writ of habeas corpus to challenge the disciplinary convictions. The Leavenworth County District Court found merit in petitioner's complaint that he had been improperly denied counsel and the right to call witnesses and a de novo hearing on the disciplinary charges was ordered. A new administrative hearing was then held on the theft and lying charges and both were dismissed as a result. Throughout the disciplinary proceedings and in his sworn testimony in the action giving rise to this appeal, petitioner has maintained that he owned the stereo. He claimed that he did not steal the device but acquired it through a trade with Swaggerty. Such trades between inmates are prohibited when undertaken without permission, K.A.R. 44-12-205, but no disciplinary charge was ever filed alleging this violation. In addition, the registration violation was not refiled.

The case now on appeal was characterized as a petition for writ of habeas corpus and a number of complaints were raised about the conditions of petitioner's confinement. However, the petitioner also alleged that the prison officials acted in violation of his right to due process in taking and disposing of the stereo which he valued at $130. Petitioner sought damages for this alleged violation of due process. Although the district court found no merit to petitioner's various claims for habeas corpus relief, it concluded that he was entitled to damages for the seizure and disposal of the stereo unit. The respondent appeals from this judgment for damages contending that petitioner was not entitled to money damages.

Respondent correctly points out that money damages may not be awarded in a habeas corpus proceeding. *Foster v. Maynard,* 222 Kan. 506, 513, 565 P.2d 285 (1977); *Highman v. Marquez,* 5 Kan. App. 2d 158, 160, 613 P.2d 394 (1980). However, petitioner contends that the court did not award the damages as relief on the habeas corpus petition but, instead, construed the claim for damages as an invocation of the civil rights law found in 42 U.S.C. § 1983 (1982). Petitioner argues that while the terms of his imprisonment were only addressable by means of the habeas corpus action pursuant to K.S.A. 60-1501, there is nothing to prevent the court from giving his petition a liberal construction by interpreting the alleged denial of due process as a civil rights claim.

Assuming for the sake of argument that plaintiff stated a claim for relief under 42 U.S.C. § 1983, the proper inquiry is (1) did petitioner have a constitutionally protected property interest which was injured by the conduct of the prison officials and, (2) if so, was this protected interest impaired without the benefit of due process?

Because petitioner is a prison inmate his property interests may be specially defined as a consequence of his incarceration. Prison officials are granted wide discretion in managing the internal operations of the prison. *Foster,* 222 Kan. at 509. Reasonable restrictions may be imposed on the type and amount of personal property inmates are allowed to possess in prison. When inmates are afforded the opportunity, whether by "right" or "privilege," to possess personal property, they enjoy a protected interest in that property that cannot be infringed without

due process. *McCrae v. Hankins*, 720 F.2d 863, 869 (5th Cir. 1983). Nevertheless, if there are constitutionally permissible limitations on the inmates' property rights which would invalidate the existence of a protectable interest in certain property, the deprivation of that property does not violate due process. *Sell v. Parratt*, 548 F.2d 753, 758 (8th Cir. 1977). Therefore, before an inmate can be said to have a protected interest in possessing tangible personal property, that possession must not be prohibited by a lawful prison regulation. See *Bell v. Wolfish*, 441 U.S. 520, 553-55, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979).

The Kansas prison regulations are fairly comprehensive. Although inmates are permitted to have stereos such as the one involved here, this particular stereo was not registered to plaintiff but was listed in prison records as belonging to another inmate. Plaintiff contends he obtained rightful ownership of the stereo through a trade of his old stereo and five cartons of cigarettes and the court believed this to be true. However, the regulations enacted to define the property rights of prisoners at Lansing indicate (1) that an inmate is not entitled to possession of property not registered to him (K.A.R. 44-12-201), (2) that an inmate may not obtain property by unauthorized trading with other inmates (K.A.R. 44-12-205) and (3) that inmates have no property right in items classified as contraband because they were seized as a result of a rule violation. K.A.R. 44-5-111.

The prison officials followed the regulations in this case by seizing the property suspected as belonging to another inmate and filing disciplinary charges. Petitioner was charged with theft and lying and the alternative offense of violating the registration requirement. Petitioner was convicted of theft and lying and the registration violation was dismissed. Because the stereo had been the subject of conflicting claims and charges of theft but was, in fact, registered as belonging to inmate Swaggerty, it was sent out of the prison to persons designated by Swaggerty. This action was consistent with the procedure for dealing with contraband stated in K.A.R. 44-5-111(d). It was only after disposal of the property that plaintiff's conviction on the disciplinary charges was overturned for lack of counsel. At the time the property disposal was made, it was completely authorized by the prison regulations.

It might be argued that because petitioner was never re-

charged or convicted of any disciplinary offenses regarding the stereo, the disposal was premature and a deprivation of, at least, constructive possession of the device. See, *e.g.*, *Sell*, 548 F.2d at 758. However, the initial seizure of the stereo was without a doubt permitted by the registration rule. With this seizure, the stereo could rightfully be classified as contraband under K.A.R. 44-5-111(a)(3). Once classified as contraband, plaintiff lost all rights to the property (44-5-111[c]), unless a finding was made that the item was not contraband. K.A.R. 44-5-111(f). There is no requirement in the rule that the inmate be convicted of violating the disciplinary rule which gave rise to the initial seizure of the property or its classification as contraband. There is, in short, ample discretionary power vested in the prison officials to have classified the stereo as contraband and to have disposed of it without a violation of any rights of plaintiff, particularly in light of plaintiff's admission that he acquired the stereo in a manner which violates the rules. *Cf. Hanvey v. Blankenship*, 474 F. Supp. 1349 (W.D. Va. 1979), *aff'd* 631 F.2d 296 (4th Cir. 1980) (a complete confiscation and disposal of property not denial of due process because state statute gave prison officials discretion to dispose of property seized for violation of rules regulating property possession).

Therefore, regardless of whether plaintiff was guilty of stealing the stereo or acquired it through trade, it could be classified as contraband and plaintiff would have no property interest in it. Since he had no protected interest in the stereo, its disposal did not work a deprivation of any constitutional right.

Plaintiff has not challenged the reasonableness of the regulations which permit prison officials to restrict inmates' property rights or dispose of contraband. However, such regulations are constitutional if they are reasonable in light of the legitimate concerns and purposes of prison administration. *Bell v. Wolfish*, 441 U.S. at 554. In *Bell*, the Court reviewed prison regulations restricting the right of inmates to receive packages from outside the facility containing items of food or personal property. The Court reversed the lower court's conclusion that this regulation was unreasonable and held that the rule did not deprive the inmates of property without due process. The Court appears to have acknowledged that the prison officials' concern that the introduction of personal property into the facility would increase

the risk of theft, gambling and inmate conflicts was not unreasonable. The Court cautioned that the review of prison regulations not become a substitution of judicial judgment for that of corrections experts.

The Kansas regulation requiring registration of all personal property possessed by inmates coupled with the limitations on the manner in which property may be lawfully obtained in prison have the effect of defining ownership rights to property. Thus, a standard is established to avoid inmate disputes over ownership of property while, at the same time, the proof and punishment of theft is facilitated. Since the prevention of theft and conflict in the prison population are both reasonable goals for prison officials, these regulations, like the one considered in *Bell,* are reasonable.

We conclude that, even if the petitioner could state a claim for a civil rights violation under § 1983, no violation of due process took place in this case because petitioner had no property right which was infringed upon by the action of the respondents. The prison regulations define petitioner's property rights as a prison inmate and, under these reasonable regulations, he had no protectable interest in the property disposed of by the authorities.

Reversed.