# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

January 28, 1998

Cecil W. Crowson
Appellate Court Clerk

DEELICHO BESH,                 )
                               )
        Plaintiff/Appellant,   )
                               )    Davidson Chancery
VS.                            )    No. 95-2095-II
                               )
TED COPPICK and                )    Appeal No.
LES HARRISON,                  )    01A01-9605-CH-00234
                               )
        Defendants/Appellees.  )


APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT
NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

For Plaintiff/Appellant:                For Defendants/Appellees:

Deelicho Besh                           John Knox Walkup
Pro Se                                  Attorney General and Reporter

                                        Lisa T. Kirkham
                                        Assistant Attorney General

## AFFIRMED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves contraband seized from a state prisoner. After prison officials confiscated his unauthorized walkman-style radio, the prisoner filed suit against two correctional officers in the Chancery Court for Davidson County alleging that they had converted his personal property. The trial court granted the officers motion for summary judgment, and the prisoner has appealed. We affirm the trial court in accordance with Tenn. Ct. App. R. 10.[1]

Deelicho Besh is incarcerated at the Riverbend Maximum Security Institution in Davidson County. He works in the contract data plant operated by the Correctional Enterprises of Tennessee ("CET"). In June 1993, he purchased a walkman-style radio that he used at his work station. The radio could be powered either by batteries or by current. During a routine shakedown of the contract data plant in June 1995, a correctional officer discovered a power booster for the radio plugged into the wall socket at Mr. Besh's workstation. The power booster violated the prison regulations prohibiting prisoners from using power boosters or alternating current adaptors in their workplaces at CET.

After consulting with his superiors, the correctional officer confiscated the power booster, the radio, and a set of earphones and placed them in the prison vault pending a disciplinary hearing on Mr. Besh's alleged rule infraction. The prison disciplinary board met on June 30, 1995 and found Mr. Besh guilty of possessing contraband. Accordingly, the prison official did not return Mr. Besh's radio but rather, as far as this record shows, continued to securely store it in the prison vault.

Within a week of the disciplinary hearing, Mr. Besh sued the correctional officer who had discovered and confiscated the radio, seeking $20,000 in compensatory and $10,000 in punitive damages for the alleged conversion of his eighty dollar radio. Several months later, Mr. Besh amended his suit to add another

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

prison employee as a defendant. Both officers moved for dismissal or, in the alternative, for a summary judgment. On January 8, 1996, the Chancery Court for Davidson County granted the motion and dismissed the case.

We find this case essentially indistinguishable from *Bryant v. Barbara*, 717 P.2d 522, 524-26 (Kan. Ct. App. 1986) which holds that prisoners do not have a legally protected interest in the possession of contraband. Since there is no dispute that Mr. Besh had been found guilty of possessing contraband, he had no property interest in the continued possession of his walkman radio while incarcerated. Accordingly, the prison officials did not commit conversion by seizing the radio, the power adaptor, and the earphones and by holding them pending later release.

Accordingly, we affirm the judgment and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Deelicho Besh for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE