(3 P.3d 94)

No. 83,712

ELTON D. GARRETT, *Appellant*, v. SHERYL SAWYER, *Appellee*.

Opinion filed June 2, 2000.

*Elton D. Garrett*, appellant pro se.

*Jeff Cowger*, of Lansing Correctional Facility, for the appellee.

Before KNUDSON, P.J., PIERRON, J., and ROBERT G. JONES, District Judge Retired, assigned.

PIERRON, J.: Elton D. Garrett, an inmate at the Lansing Correctional Facility, appeals the district court's granting of summary judgment to Sheryl Sawyer, a disciplinary hearing officer at the prison.

On April 25, 1997, prison officials found an inmate in possession of a radio and headphones belonging to Garrett. Garrett and the inmate were disciplined for violating K.A.R. 44-12-205, unauthorized dealing or trading, and each was fined $15. Sawyer also ordered the radio and headphones to be donated to a charitable not-

for-profit corporation. Garrett did not appeal his conviction or file a property claim.

Garrett filed an action under the Kansas Tort Claims Act (KTCA), K.S.A. 75-6101 *et seq.*, alleging that Sawyer had exceeded her statutory authority in defining the radio and headphones as contraband and ordering them donated. Sawyer filed a motion for summary judgment arguing that Garrett had failed to exhaust his administrative remedies and she was immune from liability under the KTCA and 42 U.S.C. § 1983 (1994). The district court granted summary judgment to Sawyer.

Summary judgment is appropriate when there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Bergstrom v. Noah*, 266 Kan. 847, 871, 974 P.2d 531 (1999).

First, Garrett argues Sawyer improperly classified the radio and headphones as contraband. We disagree. K.A.R. 44-5-111(a) divides contraband into three categories, one of those being "[i]tems which are neither illegal in themselves nor defined as contraband in a prison under all circumstances, but which because of their misuse or excessive accumulation, or because they constitute the subject of a rule violation or illegal act, have become contraband." The radio and headphones were clearly the subject of Garrett's violation of the rule against unauthorized dealing or trading, and Sawyer was within her discretion under K.A.R. 44-5-111(d)(3) to order the property donated to a charity.

Second, Garrett argues his right to due process was violated since he did not receive any notice informing him that the radio and headphones had been classified as contraband or of a hearing where such adjudication was made. We find no violation of Garrett's due process right. Furthermore, we find no violations, nor does Garrett raise any allegations, that his due process rights were infringed upon during the disposition of the charges of unauthorized dealing or trading.

In *Bryant v. Barbara*, 11 Kan. App. 2d 165, 167-68, 717 P.2d 522, *rev. denied* 239 Kan. 693 (1986), we addressed claims similar to those now raised by Garrett. We recognized that when inmates are afforded the opportunity to possess personal property, they

enjoy a protected interest in that property that cannot be infringed without due process. However, the *Bryant* court stated:

"[R]egardless of whether plaintiff was guilty of stealing the stereo or acquired it through trade, it could be classified as contraband and plaintiff would have no property interest in it. Since he had no protected interest in the stereo, its disposal did not work a deprivation of any constitutional right." 11 Kan. App. 2d at 169.

The *Bryant* court held that the seizure and permanent retention of contraband was authorized by prison regulations and did not violate due process; thus, no claim under 42 U.S.C. § 1983 was cognizable.

Last, Garrett argues the district court erred in finding that Sawyer was entitled to judicial immunity. We disagree and reinforce the court's discussion regarding judicial immunity.

Sawyer's function as a disciplinary hearing officer is neither legislative nor ministerial, but is clearly judicial in nature. Sawyer sits as a judge in the hearing of disciplinary violations. She hears testimony and receives documentary evidence and then determines the guilt or innocence of the charges levelled against the inmate. She exercises adjudicative power and authority in dispensing resolution of the alleged violations. Sawyer is entitled to immunity under the KTCA and 42 U.S.C. § 1983 in the performance of these judicial functions. See K.S.A. 75-6104(b), (c), and (e); *Cleavinger v. Saxner*, 474 U.S. 193, 88 L. Ed. 2d 507, 106 S. Ct. 496 (1985); *Butz v. Economou*, 438 U.S. 478, 57 L. Ed. 2d 895, 98 S. Ct. 2894 (1978). Additionally, Garrett has presented no evidence that Sawyer acted outside the bounds of the law as found in the Kansas statutes, the Kansas Administrative Regulations for the Department of Corrections, or the Internal Management Policies and Procedures.

Affirmed.