NOT DESIGNATED FOR PUBLICATION

No. 118,942

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL GRAY,
*Appellant*,

v.

SAM CLINE,
*Appellee*.


MEMORANDUM OPINION


Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed August 17, 2018. Affirmed.

*Matthew L. Tillma*, of Law Office of Gregory C. Robinson, of Lansing, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.


Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge assigned.


PER CURIAM: Michael Gray appeals the Leavenworth County District Court's summary dismissal of his habeas corpus petition under K.S.A. 2017 Supp. 60-1501. Gray was incarcerated at Lansing Correctional Facility where, as an inmate, he was charged and ultimately found guilty of three disciplinary violations. As a result of these violations, Gray was sanctioned with a 30-day loss of privileges for two of the violations and received a written reprimand for the third. Gray's loss of privileges included the loss of the use of his television for 60 days. Gray filed a habeas corpus petition contending

1

that the Kansas Department of Corrections (KDOC) deprived him of property without due process of law by depriving him of the use of his television for 60 days and that the disciplinary hearing violated his right to due process in several ways. The district court dismissed Gray's petition, finding Gray had not established the deprivation of a constitutionally significant liberty or property interest. Finding no error in the district court's ruling, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On October 13, 2017, Gray was working for Henke, Inc., an industry that contracted with the Lansing Correctional Facility to provide employment for inmates, when his supervisor ordered Gray to shut down his machine, allegedly because Gray's use of the machine was unsafe. The supervisor later ordered Gray to return to the prison. According to the supervisor, Gray created a scene, loudly protesting his treatment and generally disrupting work. Gray denied that his conduct was disruptive. The supervisor reported the incident to the company's human resource office, which notified the prison. The unit team manager completed the disciplinary report. Gray was charged with violating K.A.R. 44-12-318 (disruptive behavior), K.A.R. 44-12-305 (insubordination/disrespect), and K.A.R. 44-12-401(a) (inadequate work performance).

The KDOC held a disciplinary hearing on the charges on October 25, 2017. Gray did not call any witnesses. The hearing officer found Gray guilty of the disciplinary violations by a preponderance of the evidence, specifically finding the testimonies of the work supervisor and the human resource office member to be more credible than Gray's testimony. The hearing officer ordered disciplinary sanctions of 30-day privilege restrictions for the violations of K.A.R. 44-12-318 and K.A.R. 44-12-305 and a written reprimand for the violation of K.A.R. 44-12-401.

2

Gray appealed to the prison warden and to the Secretary of Corrections, both of whom affirmed the hearing officer's conclusions and imposition of sanctions.

On January 2, 2018, Gray filed a habeas corpus petition alleging a deprivation of a property interest without due process. The district court summarily dismissed Gray's petition on January 9, 2018, concluding that Gray had failed to demonstrate that the sanctions imposed deprived Gray of a cognizable property interest.

Gray filed a timely notice of appeal.

On appeal, Gray argues that the district court erred in summarily dismissing his habeas corpus petition.

A person who is detained, confined, or restrained of liberty within the state may petition the court for a writ of habeas corpus. K.S.A. 2017 Supp. 60-1501(a). A habeas corpus petition filed under K.S.A. 2017 Supp. 60-1501 must allege shocking or intolerable conduct or mistreatment of a constitutional stature. See *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 (1998); *Corter v. Cline*, 42 Kan. App. 2d 721, 722, 217 P.3d 991 (2009). If the face of the petition or the incontrovertible facts of the case fail to allege such treatment, the petition may be dismissed. K.S.A. 2017 Supp. 60-1503(a). When a district court denies the requested habeas corpus relief without holding an evidentiary hearing, appellate review of the denial is plenary. See *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009).

In this appeal, Gray asserts a violation of his right to procedural due process. Whether procedural due process has been violated in a given situation is a question of law subject to unlimited appellate review. See *In re Care & Treatment of Sykes*, 303 Kan. 820, 823, 367 P.3d 1244 (2016); *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, Syl. ¶ 4, 24 P.3d 128 (2001); *Swafford v. McKune*, 46 Kan. App. 2d 325, 328, 263

3

P.3d 791 (2011), *rev. denied* 294 Kan. 948 (2012). In order to establish a claim for a violation of due process in a habeas corpus proceeding, an inmate must establish a deprivation of a recognized liberty or property interest. *Hogue v. Bruce*, 279 Kan. 848, 850-51, 113 P.3d 234 (2005); see *Murphy v. Nelson*, 260 Kan. 589, 597-98, 921 P.2d 1225 (1996). The district court's dismissal of Gray's petition for failure to establish the deprivation of a recognized liberty or property interest in the disciplinary sanctions imposed constitutes the parties' main point of contention.

The record contains very little information to aid us in our review. Gray received disciplinary sanctions of 30 days of privilege restrictions and a written reprimand. Gray does not argue that the loss of his employment with Henke, Inc. constituted the deprivation of a property interest. Nor does Gray contend that the loss of the ability to earn good time credits constitutes the loss of a liberty or property interest. Instead, he contends that the sanctions deprived him of his television for 120 days. He fails to provide any evidence to support this factual assertion. Presumably, even if the disciplinary sanctions were served consecutively, the privilege restrictions for these disciplinary violations would extend only 60 days. But, assuming for the sake of argument that the disciplinary sanctions deprived Gray of the use of his television for 120 days, the restriction does not implicate due process.

Gray cites *Connecticut v. Doehr*, 501 U.S. 1, 12, 111 S. Ct. 2105, 115 L. Ed. 2d 1 (1991), for the proposition that even a temporary or partial impairment to a property interest implicates due process. *Doehr* does not support Gray's position. *Doehr* involved a lien impairing an owner's right to dispose of real property, whereas the property restriction at issue here occurred in the context of a prison sanction. Property interests are necessarily limited in the context of prison. See *Bell v. Wolfish*, 441 U.S. 520, 553, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979); *Bryant v. Barbara*, 11 Kan. App. 2d 165, 167, 717 P.2d 522 ("Because petitioner is a prison inmate his property interests may be specially defined as a consequence of his incarceration."), *rev. denied* 239 Kan. 693 (1986).

As noted by Gray, K.A.R. 44-12-201 permits inmates to possess personal property in prison. Once the prison has authorized an inmate to possess personal property, the prison cannot deprive the inmate of that property without due process. See *Bryant*, 11 Kan. App. 2d at 167-68. Nevertheless, the temporary loss of privileges—including the possession or use of electronic equipment—does not implicate due process because the temporary loss of *possession* of personal property does not constitute an atypical and significant hardship over and above the inmate's underlying sentence. "When an inmate is afforded the opportunity to possess personal property, he or she enjoys a protected interest in the *ownership* of that property that cannot be infringed without due process. However, the inmate has no protected right to *possession* of the property while in prison." (Emphasis added.) *Stansbury v. Hannigan*, 265 Kan. 404, Syl. ¶ 5, 960 P.2d 227, *cert. denied* 525 U.S. 1060 (1998); see also *Requena v. Roberts*, 893 F.3d 1195, 1218 (10th Cir. 2018) ("'[R]estrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause.'") (quoting *Marshall v. Morton*, 421 Fed. Appx. 832, 838 [10th Cir. 2011] [unpublished opinion]); *Ramirez v. State*, 23 Kan. App. 2d 445, 447, 931 P.2d 1265 ("We hold, as a matter of law, that 30 days' loss of privileges does not constitute an atypical and significant hardship for purposes of a due process analysis."), *rev. denied* 262 Kan. 962 (1997); *Mitchell-Pennngton v. Cline*, No. 118,701, 2018 WL 2749967, at *2 (Kan. App. 2018) (unpublished opinion) ("[A] restriction on privileges does not implicate a protected liberty interest as it does not represent a significant and atypical hardship in relation to the ordinary incidents of prison life for purposes of the due process analysis."). Accordingly, Gray's temporary loss of the use of his television does not constitute a significant property interest triggering procedural due process protection.

Gray has not argued any other liberty or property deprivation arising from the disciplinary sanctions. Because we find Gray's right to use his television does not rise to the level of a constitutionally protected liberty or property interest, we need not consider

whether the disciplinary hearing itself was conducted inappropriately. The district court was correct in summarily dismissing Gray's petition.

Affirmed.