NOT DESIGNATED FOR PUBLICATION

No. 119,676

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CALVIN BRADSHAW,
*Appellant*,

v.

SAM CLINE, Warden, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed February 1, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellees.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Calvin Bradshaw appeals the summary dismissal of his K.S.A. 2017 Supp. 60-1501 petition. He claims he was denied due process because some photos in his possession were destroyed after prison officials determined that they were sexually explicit. According to Bradshaw, they were not sexually explicit. Because Bradshaw received due process through the prison grievance procedures, we affirm.

Bradshaw is an inmate in the Lansing Correctional Facility. A prison lieutenant confiscated a photo album and some photos from Bradshaw because the lieutenant

1

determined the photos were sexually explicit in violation of department regulations. The photos were given to the prison investigation unit for review and then returned to the property department for disposal. A few days later, Bradshaw was given a property disposition slip, which gave him seven days to decide whether the photos would be destroyed, donated, or mailed to an address of his choosing. Bradshaw did not choose any of those options; instead he wrote on the form, "I am filing a grievance concerning this matter."

Indeed, Bradshaw filed a grievance seeking the return of the photos. He alleged that the photos came through the prison mailroom and he had possessed them for years. He requested that the photos be held until the outcome of his grievance and court proceedings. His unit team manager denied the grievance because the lieutenant had determined the photos to be sexually explicit. Bradshaw appealed to Sam Cline, the warden. As the photos had not yet been destroyed, the prison grievance officer took possession of the photo album and determined it contained 24 "female model-type photographs depicting women in lingerie and swimsuits." The album was reviewed by the facility censorship reviewer, who showed that most of the photos would have been censored had the album been received through the mail.

After the investigation by the grievance officer, the warden determined the response by the unit team manager was appropriate, but the warden gave Bradshaw "an additional opportunity to make arrangements" for the photos. Bradshaw was issued another property disposition slip marked "FINAL NOTICE PER WARDEN" stating that if Bradshaw did not make arrangements for the photos to be mailed out by August 14, 2017, the photos would be destroyed. According to the documents attached to the warden's motion to dismiss, Bradshaw was given the warden's response and the second property disposition form on August 10, 2017, but he refused to sign to acknowledge receipt of the documents. Bradshaw did not respond to the disposition form. In his K.S.A. 60-1501 petition, Bradshaw alleged that he did not receive the second property

2

disposition form. Bradshaw sent several requests to staff members asking about "a second disposition."

Bradshaw appealed to the Secretary of Corrections and the secretary's designee rejected the appeal, determining the staff's response was appropriate. Bradshaw received the secretary's decision on August 25, 2017. Then on August 31, 2017, the photo album was destroyed. Bradshaw asked the secretary to reconsider. On October 23, 2017, the secretary issued a second denial of Bradshaw's appeal.

Bradshaw then filed a claim for lost property in the amount of $70.50. In due course, Bradshaw's property claim was denied, noting that Bradshaw was given two opportunities to make removal arrangements for the photo album, but he failed to do so. Bradshaw brought his claim to the district court.

Bradshaw filed a petition for writ of habeas corpus under K.S.A. 60-1501, where he alleged that 47 photos of non-nude adult women that he ordered from a commercial vendor were confiscated in violation of his procedural due process and First Amendment expression rights. He sought compensation in the amount of $73.76. The warden filed an answer and motion to dismiss, arguing that the photos were contraband because they were sexually explicit and thus Bradshaw had no property interest in the photos. The warden also argued that the prison gave Bradshaw an opportunity to mail the photos somewhere but he did not do so. Bradshaw argued that summary dismissal was not appropriate because there was a factual dispute on whether the photos were sexually explicit. Bradshaw also argued he never received the second property disposition slip so he was not given an opportunity to mail the photos out of the prison.

The court summarily denied Bradshaw's petition for failure to state a claim upon which relief could be granted, after finding these facts to be undisputed:

3

"1.     [I]n July 2017, while retrieving the plaintiff from his cell, a number (the exact number is disputed) of photographs were seized by prison officials.

"2.     The photographs were considered by several staff members to be sexually explicit. By regulation, this was deemed to be contraband and placed in the property department.

"3.     The plaintiff was given notice that the items needed to be either retrieved by family or mailed out. A deadline was given.

"4.     The plaintiff filed a grievance and asked that the items be kept until the grievance process was concluded. The plaintiff does not cite any authority to require that the property be held while pursuing a grievance.

"5.     The plaintiff failed to have the items 'shipped out' by the required notice, and thus the photos were destroyed."

The court held:

"The plaintiff is asking for damages for the destruction of his property, i.e. the photos. However it was his inaction to the notice of disposition of property that led to the destruction. He was given notice and he failed to act. Thus his due process rights were not violated in the destruction of the same. There is no showing that filing a grievance can prevent the Department of Corrections from the regulated activities dealing with property of inmates."

Bradshaw moved to reconsider, contending the court failed to address whether he was denied due process by the initial taking of his property. The court denied the motion, finding that the photos were "taken during a shake down and staff made an initial determination that the contents were in violation of KAR 44-12-313(a)(b)(1). The failure of the petitioner . . . to preserve the evidence . . . prevents the court from consideration of the suggestion that the seizure was impermissible."

Any person confined in Kansas may prosecute a writ of habeas corpus. K.S.A. 2017 Supp. 60-1501(a). Here, the district court issued a writ, the State answered, and the

4

district court proceeded "in a summary way" to hear the case as permitted by K.S.A. 2017 Supp. 60-1505(a). The district court granted the warden's motion to dismiss.

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Summary dismissal of a K.S.A. 60-1501 petition is appropriate "if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists." *Johnson*, 289 Kan. at 648-49; see K.S.A. 2017 Supp. 60-1503(a); K.S.A. 2017 Supp. 60-1505(a). An appellate court exercises unlimited review of a summary dismissal. 289 Kan. at 649.

We apply a two-step analysis when the petitioner alleges he or she was denied due process. First, we must determine whether the State has deprived the petitioner of life, liberty, or property. If so, we must determine the extent and nature of the process due. *Johnson*, 289 Kan. at 649.

On appeal, Bradshaw contends that the district court disregarded the facts stated in the petition, instead assuming that the photos were sexually explicit, as that term is defined in K.A.R. 44-12-313, to conclude that Bradshaw was due no process in their taking. He argues that the district court's focus on his failure to prevent the destruction of the photos was misplaced because the seizure of his property required due process and he did not receive the second disposition of property slip. Bradshaw asks this court to remand for an evidentiary hearing on his claims. The warden contends that the photos "were deemed to be sexually explicit" and thus Bradshaw had no protected property interest in the photos. The warden also argues that because Bradshaw was allowed to send the photos to an address of his choosing, he did not lose ownership of the photos and there was no taking sufficient to implicate due process.

5

Prison officials have wide discretion in managing the internal operations of prisons. Reasonable restrictions may be imposed on the type and amount of personal property inmates are allowed to possess in prison. When inmates are allowed to possess personal property, they enjoy a protected interest in that property that cannot be infringed without due process. When possession of certain personal property is prohibited by a lawful prison regulation, the inmate has no protected interest in that property. *Bryant v. Barbara*, 11 Kan. App. 2d 165, 167-68, 717 P.2d 522 (1986).

A protected interest in the ownership of personal property is different from the right to possess the property while in prison. Inmates have no protected right to possession of the property while in prison. When an inmate has been allowed to send property the inmate owns but is not allowed to possess in prison to an address of his or her choosing, the inmate has not lost ownership of the property to constitute a taking sufficient to implicate the Due Process Clause. *Stansbury v. Hannigan*, 265 Kan. 404, 420, 960 P.2d 227 (1998).

Bradshaw disputes whether his possession of the photos violated prison regulations. But assuming that Bradshaw had a protected interest in the ownership of his photos, an unauthorized negligent or intentional deprivation of the property "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). An inmate grievance procedure can be an adequate postdeprivation remedy for a deprivation of property. *Requena v. Roberts*, 893 F.3d 1195, 1212 (10th Cir. 2018), *petition for cert. filed* October 10, 2018.

In *White v. Pryor*, No. 118,250, 2018 WL 3486116 (Kan. App. 2018) (unpublished opinion), an inmate claimed his due process rights were violated when his electronics were donated to charity because after his incentive level was reduced and he

6

was no longer permitted to possess the electronics, he failed to designate an address to send the electronics to either the first or second property disposition slip he was given. The inmate alleged that he did not receive the property disposition slips before his property was donated. The panel accepted that allegation as true but held that the inmate failed to show that the prison grievance procedures were unresponsive or inadequate. 2018 WL 3486116, at *5.

Bradshaw has not shown his postdeprivation remedy—the grievance process— was inadequate. It is uncontroverted that his grievance was reviewed by his unit team manager, the prison grievance officer, the warden, and the secretary. Once it was determined that the photos were sexually explicit, Bradshaw lost any property right of the photos and the prison did not have to permit him to ship the photos out of the prison. See K.A.R. 44-12-313 (sexually explicit materials); K.A.R. 44-5-111(3)(c) (disposition of contraband). But it is uncontroverted that Bradshaw received at least one property disposition slip permitting him to designate an address in which to mail the photos. Bradshaw has not shown the grievance process was unresponsive or inadequate.

Affirmed.