NOT DESIGNATED FOR PUBLICATION

No. 122,180

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLEDITH BOHANON,
*Appellant*,

v.

PATTI KEEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed July 31, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before WARNER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Cledith Bohanon appeals the district court's dismissal of his habeas corpus petition. Bohanon asserts the Hutchinson Correctional Facility improperly opened four pieces of his legal mail in July 2017, and the written apology and explanation he had received from the Secretary of Corrections was legally insufficient to protect his rights. After carefully reviewing the record, we agree that the reason the district court provided for dismissing Bohanon's petition was erroneous. But we conclude that dismissal was still proper because Bohanon failed to file his challenge in the district court within the timeframe demanded by Kansas law. We therefore affirm the dismissal of his petition.

1

FACTUAL AND PROCEDURAL BACKGROUND

Bohanon is an inmate at the Hutchinson Correctional Facility. On December 1, 2017, he submitted an inmate request to a unit team leader, E. Bentley, seeking relief for various perceived injustices. In that request, Bohanon referenced an incident where four pieces of his legal mail—that is, two letters from an attorney and two letters from the Kansas Appellate Court Clerk's Office—were opened by corrections staff outside his presence in July 2017.

Bentley responded to Bohanon's complaints three days later. With respect to the opening of Bohanon's legal mail, Bentley explained that "[a]fter speaking with UIM Hackney[,] unit team discovered that your legal mail had been opened in error by the mail room staff. This message was made visible to you on your legal mail you received." Bohanon immediately filed an inmate grievance form, alleging prison staff had unlawfully opened four letters—one on July 3, 2017; two on July 11, 2017; and another on July 25, 2017.

Bentley responded to Bohanon's grievance two weeks later. Bentley admitted that the letters containing legal correspondence to Bohanon were accidentally opened. This error was brought to the attention of the mail-room supervisors, and the opened mail was marked "Opened in Error" and presented to Bohanon. Bentley, on behalf of the prison staff, apologized for the error and stated that efforts were being made to try to avoid further errors in the future.

Bohanon was unsatisfied with Bentley's response and appealed the matter to the warden, who echoed Bentley's assessment of the error, characterizing it as an accident. Bohanon then appealed the warden's decision to the Secretary of Corrections and requested $750 for each violation. The Secretary responded and apologized for the error, but declined to take further action or provide Bohanon compensation.

Around 10 months later, Bohanon filed a pro se petition in Reno County District Court challenging the Department of Corrections' response. His petition—which named Patti Keen, the mailroom supervisor, as the defendant—alleged the prison staff had violated his constitutional rights by opening the letters from his attorney; he attached the various correspondence and the decisions rendered by Department officials. Bohanon sought compensatory and punitive damages for each incident, as well as injunctive and declaratory relief and his legal costs.

The Department moved to dismiss the petition on Keen's behalf, alleging Bohanon had not exhausted his administrative remedies. The Department argued that because Bohanon was making a claim for money damages, the district court should construe his claim as one for property loss. The district court agreed, finding that because Bohanon had not presented his claim to the Department in that context, which involves a different procedure from other grievances concerning conditions of confinement, the court lacked jurisdiction to consider his petition. Bohanon appeals.

DISCUSSION

A petition under K.S.A. 60-1501 is "a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994). To state a claim for relief, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). An inmate alleging a violation of his or her constitutional rights in a K.S.A. 60-1501 petition carries the burden of proof to establish the violation. *Anderson v. McKune*, 23 Kan. App. 2d 803, Syl. ¶ 4, 937 P.2d 16 (1997).

3

K.S.A. 60-1503(a) requires summary dismissal of a K.S.A. 60-1501 petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief." Courts considering a request for summary dismissal "must accept the facts alleged by the inmate as true." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). When a district court summarily denies a petition for a writ of habeas corpus under this section, our review is unlimited. *Johnson*, 289 Kan. at 648-49.

Before filing any civil action that names the Secretary of Corrections, a warden, or other employee of the Kansas Department of Corrections, an inmate must exhaust available administrative remedies through the procedures established by the Secretary and present proof that administrative remedies have been exhausted. K.S.A. 75-52,138; *Sperry v. McKune*, 305 Kan. 469, 482-83, 384 P.3d 1003 (2016). Petitioners have 30 days from the final administrative action to file their claims in the district court. K.S.A. 2019 Supp. 60-1501(b).

The Department based its motion to dismiss on this exhaustion requirement. All parties agree that Bohanon filed a grievance relating to the facility staff's opening of his four letters, engaged in correspondence with various levels of leadership in the Department, and ultimately received a letter from the Secretary of Corrections in February 2018. But the Department alleged that Bohanon followed the *wrong* set of procedures, as he filed a grievance when his claim is better construed as one for property loss. The district court agreed, concluding Bohanon improperly used the grievance procedure to seek redress for a property loss claim, and dismissed the petition.

Bohanon claims the district court should not have summarily dismissed his habeas corpus petition. We disagree and find dismissal was appropriate, though for different reasons than those explained by the district court. While the district court erred when it construed Bohanon's claim as one for property loss, Bohanon filed his petition roughly 10

4

months after he received notice of the Department's final action in the grievance process—well outside the 30-day timeframe required by K.S.A. 2019 Supp. 60-1501(b).

  1. *The district court erred in construing Bohanon's claim—which sought monetary damages—as one for property loss.*

The regulations promulgated by the Department include different processes for presenting various categories of claims. K.A.R. 44-15-101 et seq. governs "grievances" generally. K.A.R. 44-16-104a provides different procedures when inmates' claims involve personal injuries. And K.A.R. 44-16-102 governs claims for "loss of or damage to [an] inmate's own property." K.A.R. 44-16-102(a).

There are notable differences between the Department's grievance process and its procedures for property claims. For example, the grievance process first requires an inmate to seek "informal resolution of the matter with the personnel who work with the inmate on a direct or daily basis." K.A.R. 44-15-101(b). If this informal resolution is not successful, the inmate may then file a grievance using the process in K.A.R. 44-15-101(d), submitting the grievance to a member of the unit, then to the warden, then to office of the Secretary. Claims for property loss must "strictly follow[]" the avenues set forth in the "internal management policies and procedures." K.A.R. 44-16-102(a).

The Department claims—and the district court found—that because Bohanon's petition sought monetary damages, which are unavailable in a K.S.A. 2019 Supp. 60-1501 action, his claim must be one for property loss. We disagree. Bohanon's petition asserted a violation of his rights when the mail room opened four pieces of "legal mail" outside Bohanon's presence. See K.A.R. 44-12-601(c)(2) (legal mail "shall be opened only in the inmate's presence"). Bohanon was not seeking compensation for the value of the unopened letters, but rather was asserting the Department had violated his rights when his mail was opened when he was not there. A violation of an inmate's rights under the law is addressed through the administrative grievance procedure, not as a claim for

5

property loss. K.A.R. 44-15-101a (d)(1)(B) ("The grievance procedure shall be applicable to a broad range of matters that directly affect the inmate, including . . . actions by employees and inmates, and incidents occurring within the facility.").

The Department correctly notes that Bohanon sought compensatory and punitive damages for the violation of his rights and that damages are unavailable in a habeas corpus proceeding. See *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 (1977); *Bryant v. Barbara*, 11 Kan. App. 2d 165, 167, 717 P.2d 522 (1986). Bohanon not only sought money damages, however; he also asked for declaratory and injunctive relief—forms of relief that are available in actions under K.S.A. 2019 Supp. 60-1501. In any case, though the fact that Bohanon requested an unavailable remedy might affect the ultimate outcome of his claim, it does not transform his grievance into a claim for property damage or loss. The district court erred in dismissing Bohanon's petition for failing to exhaust the administrative remedies available for a property loss claim.

   2. *Dismissal of Bohanon's petition was appropriate because it was not filed within 30 days of the Department's final decision about Bohanon's grievance.*

On appeal, the Department asserts that even if the district court's reason for dismissing Bohanon's petition was incorrect—as we conclude in this opinion—dismissal was still proper because Bohanon missed two important deadlines in pursuing his claim. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (district court's decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its conclusion). First, the Department notes that Bohanon had to file his grievance within 15 days of the problems with his mail; he did not file his inmate request until December 2017, more than four months after his last piece of mail was improperly opened. Second, the Department points out that K.S.A. 2019 Supp. 60-1501(b) states that petitions concerning grievances must be filed within 30 days of the Department's final administrative action; Bohanon received the letter from the Secretary in February 2018,

6

but he did not file his petition until more than 10 months later. While we are not persuaded by the Department's first argument, we find its second point dispositive.

As to its first argument, the Department contends that Bohanon's initiation of the administrative grievance process was untimely because he did not file his request for relief within 15 days of the discovery of the grievance under K.A.R. 44-15-101b. That regulation states in relevant part:

> "Grievances shall be filed within 15 days from the date of the discovery of the event giving rise to the grievance, excluding Saturdays, Sundays and holidays. No grievance, regardless of time of discovery, shall be filed later than one year after the event. Any grievance filed later than these deadlines may be returned to the inmate without investigation." K.A.R. 44-15-101b.

Throughout his filings, Bohanon has alleged the prison staff unlawfully opened his legal mail on July 3, July 11, and July 25, 2017. Bohanon filed his grievance with the prison concerning his legal mail on December 1, 2017, which is more than 15 days after his grievance arose. But we do not find the timing of this filing to be fatal to Bohanon's claim.

K.A.R. 44-15-101b recognizes the possibility that grievances could be filed outside the 15-day window. But when a grievance is filed more than 15 days after a triggering event, the regulation does not mandate dismissal. Instead, it allows the Department discretion to determine whether to consider the grievance, stating any grievance filed outside the 15-day window "*may* be returned to the inmate without investigation." (Emphasis added.) K.A.R. 44-15-101b. Here, the Department decided to consider and address Bohanon's grievance at every level of the grievance process outlined in K.A.R. 44-15-101(d). Just as the timing of Bohanon's initial grievance did not hamper the Department's investigation, it is not a barrier to our consideration of Bohanon's claims in this case. See, e.g., *Chelf v. State*, 46 Kan. App. 2d 522, 534, 263 P.3d 852 (2011)

7

(Department may waive filing window for claims involving personal injuries under K.A.R. 44-16-104a).

But the Department's second point—that Bohanon's K.S.A. 60-1501 petition was filed outside the permissible statutory timeframe—has merit. K.S.A. 2019 Supp. 60-1501(b) requires an inmate to petition for a writ of habeas corpus within 30 days of the date the Department's action becomes final. Bohanon filed his petition roughly 10 months after he received his correspondence from the Secretary, well outside the statutory window.

Bohanon has not filed a reply brief and thus offers no reason or explanation for this delay. To paraphrase our Kansas Supreme Court in *Battrick v. State*, 267 Kan. 389, 399, 985 P.2d 707 (1999), the record reflects that Bohanon was "well aware of [his] claims," availed himself of the full administrative process for reviewing grievances, and yet failed to file his petition within the statutorily mandated timeframe. In such circumstances, the district court did not err in dismissing his K.S.A. 60-1501 petition, although for a different reason than the court originally provided.

Affirmed.