NOT DESIGNATED FOR PUBLICATION

No. 122,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDRICK MCCARTY,
*Appellant*,

v.

WARDEN SAM CLINE, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed November 25, 2020.
Affirmed.

*Edrick McCarty*, appellant pro se.

*Joni Cole*, legal counsel, El Dorado Correctional Facility, for appellees.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Edrick McCarty appeals the summary denial of his K.S.A. 2019 Supp. 60-1501 petition. To succeed with a K.S.A. 60-1501 petition, one must show "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). For the reasons stated below, McCarty fails to meet that burden. We affirm.

FACTS

McCarty was convicted of attempted aggravated robbery and felony first-degree murder as a result of acts he committed in 1998. See *State v. McCarty*, 271 Kan. 510, 23 P.3d 829 (2001). In March 2020, he filed the K.S.A. 60-1501 petition which gives rise to this appeal. In his petition, McCarty raised five claims. First, McCarty claimed he was mistreated and/or neglected while in a Wichita juvenile detention facility in 1998 and 1999. McCarty argued his convictions should be reversed as a result. Second, McCarty argued his constitutional rights against self-incrimination were violated when he pled guilty to battery in a 2016 case. However, the appellate record does not reflect McCarty was convicted of any offenses in 2016. Third, McCarty alleged he was improperly treated with psychiatric medication beginning in 2005. McCarty demanded $800,000 for the alleged medical abuse/neglect. Fourth, McCarty alleged he was denied medical treatment to remove a bullet from his shoulder—an injury that occurred when McCarty was shot by the victim of his 1998 crimes. McCarty demanded $75,000 for the alleged medical neglect. Finally, McCarty disputed a disciplinary conviction he received in August 2019 while in the custody of the Kansas Department of Corrections (KDOC).

The district court summarily dismissed McCarty's petition, finding the statute of limitations had long expired for McCarty's first claim and there was no legal basis to reverse his convictions as a result of personal injury claims unrelated to the underlying crimes. The district court found it had no authority to grant relief on McCarty's second claim as the record did not support McCarty's contention he was convicted of battery in 2016. The district court dismissed McCarty's third claim because there was no evidence McCarty exhausted his administrative remedies and McCarty could not assert a claim for monetary damages through a K.S.A. 60-1501 petition. Similarly, the district court dismissed McCarty's fourth claim because McCarty could not seek monetary damages through his petition. And the district court noted McCarty's treatment had not been completely denied since his medical provider's correspondence reflected surgery to

remove the bullet from McCarty's shoulder was still being considered. In other words, the district court found McCarty's fourth claim was not ripe for consideration. Finally, the district court found McCarty's fifth claim was untimely as McCarty had received a final decision from the Secretary of Corrections on October 9, 2019, and did not file his petition until March 16, 2020. The district court further noted McCarty had previously challenged his disciplinary conviction in another case, which the district court dismissed due to McCarty's failure to comply with the district court's orders.

ANALYSIS

*Standard of Review*

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege

> "shocking and intolerable conduct or continuing mistreatment of a constitutional stature. Summary dismissal is appropriate if, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists. An appellate court reviews a summary dismissal de novo. [Citations omitted.]" *Johnson*, 289 Kan. at 648-49.

See K.S.A. 2019 Supp. 60-1503(a).

*Discussion*

McCarty has not alleged a violation of his constitutional due process rights, a lack of jurisdiction, or any otherwise proper basis for relief in relation to the underlying criminal proceedings. As outlined by the district court, all of McCarty's claims fail.

3

McCarty's first claim, even if liberally construed as a general claim for personal injury, is extremely untimely and fails for multiple reasons. The statute of limitations has long passed. See K.S.A. 2019 Supp. 60-513(a)(4). He has failed to sue the correct party. He has sued Warden Cline and KDOC when they had no control over him in 1998 or 1999 while in the custody of the Wichita juvenile detention facility. McCarty's claims from 1998 or 1999 are not grounds for reversing his convictions through a 60-1501 petition.

McCarty's second claim—that his *Miranda* rights were violated in 2016—fails because he is just now raising this issue, and a timely 60-1501 petition must be filed within 30 days. K.S.A. 2019 Supp. 60-1501(b); see *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). And we can find nothing in the record reflecting McCarty was convicted of any offense in 2016 requiring he be given *Miranda* rights. McCarty's brief fails to provide any record citation showing such a conviction exists. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013) ("'[B]urden is on a party to designate a record sufficient to present its points to the appellate court and to establish its claims.'").

McCarty's third and fourth claims fail because it is a well-established rule an inmate may not seek monetary damages through a K.S.A. 60-1501 petition. See *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 (1977); *Bryant v. Barbara*, 11 Kan. App. 2d 165, 167, 717 P.2d 522 (1986). McCarty's third claim is also untimely as it relates to alleged medical neglect in 2005. See K.S.A. 2019 Supp. 60-1501(b); K.S.A. 2019 Supp. 60-1507(f). Further, the district court found McCarty failed to exhaust his administrative remedies on his third claim. In his brief, McCarty offers no argument or explanation to refute the district court's finding. Failure to exhaust administrative remedies is fatal to McCarty's third claim. See *Jahnke v. Blue Cross & Blue Shield of Kansas*, 51 Kan. App. 2d 678, 687, 353 P.3d 455 (2015). McCarty's fourth claim is further flawed because the district court found his request for medical treatment had not been completely denied.

Accordingly, this issue is not ripe for consideration on the merits, notwithstanding the fact McCarty seeks relief in this K.S.A 60-1501 petition not available to him.

McCarty's fifth claim fails as untimely. The disciplinary conviction from KDOC became a final decision from the Secretary of Corrections on October 9, 2019. However, McCarty did not file this petition until March 16, 2020, well beyond the 30-day limitation to file an appeal after the exhaustion of administrative remedies. See K.S.A. 2019 Supp. 60-1501(b).

Finally, McCarty's claims would also be untimely even if we liberally construed them under K.S.A. 2019 Supp. 60-1507, as his convictions became final in 2001 and he did not file this petition until March 2020. See K.S.A. 2019 Supp. 60-1507(f)(1); *McCarty*, 271 Kan. 510. And the district court did not have jurisdiction to grant relief for any of his claims, even if it had liberally construed his petition as a K.S.A. 60-1507 motion because a K.S.A. 60-1507 motion must be filed in the sentencing court. See K.S.A. 2019 Supp. 60-1507(a). McCarty was sentenced in Sedgwick County; he filed his K.S.A. 60-1501 petition in the district court for the county in which he is presently incarcerated—Butler County.

McCarty's petition fails to show the existence of shocking and intolerable conduct or continuing mistreatment of a constitutional stature. He has failed to state any claim for which any relief is available for him under K.S.A. 60-1501, and the record conclusively shows he is not entitled to relief as a matter of law. See *Johnson*, 289 Kan. at 648-49. The district court did not err when it summarily dismissed McCarty's petition.

Affirmed.